UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ROY DRAIN,                                                               Plaintiff,

v.                                                Civil Action No. 3:19-cv-P574-DJH

HARDIN COUNTY, KENTUCKY et al.,                                Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of the *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint filed by Plaintiff Roy Drain. The Court must undertake a preliminary review of the complaint under 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the action will be dismissed in part and allowed to continue in part.

### I. STATEMENT OF CLAIMS

Plaintiff, a prisoner, names as Defendants Hardin County, Kentucky, where he was previously incarcerated in the Hardin County Jail, and in their individual capacities Deputy Jailer "John Doe 1 (believed to be named Bibblehouser)," Jailer John Doe 2, and Deputy Jailer Grant. He states that he is bringing First and Eighth Amendment claims.

Plaintiff alleges that while housed at the Hardin County Jail "he filed several grievances to no avail over medical care relating to my medical condition diagnosed both by U.S. Army medical doctors and my personal physician as I have a serious esophageal and asthmatic conditions." He states that on May 25, 2019, as he was returning to his cell from recreation he began having difficulty breathing. He states that he immediately informed Defendant Doe 1 who

was supervising the return to the cell from recreation. He states, "In route to the cell my condition worsened and I again advised Deputy John Doe 1 of this worsening condition and notwithstanding the fact we had to pass Medical on the way to our cell Deputy John Doe 1 continued to ignore me." He states that Defendant Doe 1 told him he would contact medical after Plaintiff informed him that he needed help "as I could not breathe from this asthma attack and felt like I was going to pass out." He states that Defendant Doe 1 left and almost immediately thereafter Plaintiff's condition "became so acute I collapsed." He states that Defendant Doe 1 ignored his cellmates' yells for help until they began pounding on the walls, at which time Defendant Doe 1 called in a "Code Blue" for medical assistance. Plaintiff states that when he confronted Defendant Doe 1 about "why he had not contacted medical upon my advising him of my problem he stated that he was going to contact medical but that he was 'busy.'"

Plaintiff states that "medical" revived him and he was taken to medical for a "'breathing treatment.'" Plaintiff explains that, prior to this asthma attack, he had surgery on his esophagus "and subsequent medical examinations have determined my esophageal and bronchial tracts have suffered damage most likely caused by the above referenced asthma attack which was not responded to for approximately 30 minutes." He also states that Defendant Doe 1 was assigned to stay with him "while I was taking the breathing treatment and while he was with me in medical he fell asleep and he did not awaken until Deputy Peggy Underwood relieved him."

Plaintiff next claims that on April 9, 2019, he was issued a "'medical blanket' by the medical provider at Hardin County . . . jail to use to alleviate the symptoms of my medical conditions (sleep apnea, Gastro Esophageal Reflux Disorder) by folding it up and placing it under the head of my mattress so as to elevate my upper body while laying down." He states that

2

Defendant Grant came into his cell, told him he was "'causing heat waves up front,'" instructed him to get up, and found the blanket issued by "medical" under his mattress. Plaintiff states that when he explained that the extra blanket had been issued by "medical" Defendant Grant accused him of being a liar and then confiscated the blanket. Plaintiff alleges, "As a result I suffered additional damage to my esophageal tract and possible damage from lack of oxygen when my sleep apnea episodes happened as a result of my upper body not being elevated due to the confiscation of the medical blanket."

Plaintiff alleges that Defendant Hardin County has "a custom and practice of operating the Hardin County Jail in such a manner so as to result in violation of constitutional rights[.]" He also alleges that Defendants Doe 1 and Grant negligently inflicted pain on him. He further alleges that Defendant Grant retaliated against him for filing grievances. Finally, he alleges that Defendant Doe 2, the Jailer, is liable for the "negligent operation of the Hardin County Jail[.]"

As relief, Plaintiff asks for injunctive relief in the form of proper training for jail employees, as well as monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### *Claim against Defendant Hardin County*

When a § 1983 claim is made against a municipality, like Hardin County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the

*municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Although Plaintiff asserts in his complaint that Defendant Hardin County has "a custom and practice of operating the Hardin County Jail in such a manner so as to result in violation of constitutional rights," he does not identify any custom or policy. It is not enough simply to assert a legal conclusion; a plaintiff must state specific facts for such claims. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The Court is not required to accept conclusory and unsupported statements. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. 1993) (affirming dismissal of

5

§ 1983 action when plaintiff's allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation). Consequently, the Court will dismiss the claim against Defendant Hardin County for failure to state a claim upon which relief may be granted.

### *Claim against Defendant Grant*

Plaintiff alleges that Defendant Grant retaliated against him for filing grievances and that Defendant Grant came into his cell; accused him of "'causing heat waves up front;'" and confiscated Plaintiff's extra blanket, which Defendant Grant knew had been issued by "medical", although he accused Plaintiff of lying about that.

Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) "there is a causal connection between elements one and two-that is, the adverse action was motivated, at least in part, by the plaintiff's protected conduct." *Id*.

Reading the complaint liberally, as the Court is required to do, the Court finds that Plaintiff has alleged a First Amendment retaliation claim against Defendant Grant.

### *Claim against Defendant Doe 1*

Plaintiff alleges that he told Defendant Doe 1 of his worsening breathing condition but that Defendant Doe 1 ignored him. He states that Defendant Doe 1 told him that he would contact medical, but did not, after Plaintiff informed him that he needed help "as I could not breathe from this asthma attack and felt like I was going to pass out." He states that Defendant Doe 1 left and almost immediately thereafter Plaintiff's condition "became so acute I collapsed."

He further states that Defendant Doe 1 ignored his cellmates' yells for help until they began pounding on the walls, at which point defendant Doe 1 called in a "Code Blue" for medical assistance.

The Eighth Amendment prohibits prison officials from acting with "deliberate indifference" to prisoners' "serious medical needs." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 896 (internal quotation marks and citation omitted).

Reading Plaintiff's complaint liberally, Plaintiff has alleged that he informed Defendant Doe 1 of his serious medical condition but that Defendant Doe 1 only called for medical assistance when the situation had reached a "Code Blue" level requiring that medical staff "revive" Plaintiff. The Court will allow Plaintiff's Eighth Amendment claim to go forward against Defendant Doe 1 in his individual capacity.

### *Claim against Defendant Doe 2*

Plaintiff's complaint identifies Defendant Doe 2 as the Jailer. He asserts that this Defendant is liable for the "negligent operation of the Hardin County Jail[.]"

Plaintiff has not alleged that Defendant Doe 2 directly participated in the events related to his claims. Instead, his complaint implicates Defendant Doe 2 based only on his position as Jailer. The Court notes that the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability to supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.

7

1984). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872 (6th Cir. 1982). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Accordingly, the claim against Defendant Doe 2 will be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that the claims against Defendants Hardin County and Doe 2 are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is **DIRECTED to terminate** Hardin County, Kentucky, and Jailer John Doe 2 as parties to this action.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the remaining claims. In allowing these claims to go forward, the Court expresses no opinion on their ultimate merit.

Date: February 11, 2020

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Defendants
　　Hardin County Attorney
4415.009

8